T.C. Summary Opinion 2002-15

UNITED STATES TAX COURT

BRYAN K. GAUTHIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1625-01S.                    Filed February 15, 2002.

Bryan K. Gauthier, pro se.

<u>Scott T. Welch</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1998 Federal income tax and an addition to tax under section 6651(a)(1) of $3,433 and $321, respectively. After concessions by the parties,[2] the issues are (1) whether petitioner is liable for the additional tax under section 72(t) and (2) whether petitioner is liable for the addition to tax under section 6651(a)(1). Petitioner resided in New Orleans, Louisiana, when the petition in this case was filed.

The facts may be summarized as follows. During 1998, petitioner received a distribution of $4,388.25 from a section 401(k) retirement plan and $2,470.32 from an employee stock option plan (ESOP). Regions Bank Delchamps, Inc. was the trustee for both plans. Petitioner included both distributions in gross income on his 1998 Federal income tax return, but he did not pay any additional tax under section 72(t). During 1998, petitioner had not attained the age of 59-1/2. Petitioner did not claim any deduction for a dependency exemption on his 1998 return.

Respondent received petitioner's 1998 Federal income tax return on July 19, 1999. The return was mailed during that month, the exact date, however, is unclear. Petitioner had not

---

[2] In the notice of deficiency, respondent determined that petitioner had additional income from cancellation of a debt ($7,283) and self-employment income ($6,093). Respondent has conceded both issues. Respondent also disallowed itemized deductions of $259. Neither in his petition nor at trial has petitioner raised this issue, and it is deemed conceded. See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986), affd. 832 F.2d 403 (7th Cir. 1987).

obtained an extension of time within which to timely file his 1998 tax return.

## Discussion

### Distributions From Retirement Plans

Section 72(t)(1) provides:

If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

A "qualified retirement plan" is defined as, inter alia, "a plan described in section 401(a) which includes a trust exempt from tax under section 501(a)". Sec. 4974(c)(1). Petitioner contends that the ESOP was not a qualified retirement plan. The record is devoid of any factual bases for this assertion. Furthermore, respondent introduced into evidence a letter from respondent that determined that the ESOP was a qualified retirement plan. See sec. 409. We find that the ESOP was a qualified retirement plan.[3]

With regard to the distribution from the section 401(k) plan, petitioner does not dispute that it was a qualified

---

[3] Sec. 7491(a) provides that the burden of proof as to a factual issue shifts to respondent if petitioner introduces credible evidence as to that issue. Assuming, but not deciding that this issue is factual, petitioner did not introduce credible evidence to support a contrary position, and sec. 7491(a) is inapplicable.

retirement plan.  Rather, he contends that the exception to section 72(t)(1) contained in section 72(t)(2)(B) applies to the distribution from the section 401(k) plan (and by implication to the ESOP distribution if the ESOP was a qualified retirement plan).

Section 72(t)(2)(B) provides for an exception to the additional tax for:

> Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year).

Petitioner contends that he withdrew the funds because he needed and used the money to pay his mother's medical bills.  Petitioner has not substantiated that he paid any of his mother's medical bills.  But, even if he had, the exception contained in section 72(t)(2)(B) applies to payments that would be deductible under section 213.  Section 213(a) allows deductions for medical expenses paid for "the taxpayer, his spouse, or a dependent (as defined in section 152)".  While petitioner's mother could have been his dependent, see sec. 152(a)(4), in order for her to qualify as his dependent, petitioner would have had to provide over half of her support, sec. 152(a).  We note that not only is the record totally devoid of any evidence to support this conclusion, but also petitioner did not claim his mother as a dependent on his 1998 return.  We conclude that the section

72(t)(2)(B) exception is not applicable and that petitioner is liable for the section 72(t) additional tax.

Failure To File Timely Return

Section 6651(a)(1) provides for an addition to tax where a return is not timely filed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The amount of the addition to tax is "5 percent of the amount * * * [of the correct tax] if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof * * * not exceeding 25 percent in the aggregate". Sec. 6651(a)(1). Petitioner did not obtain any extensions of time within which to file his 1998 return, and the return was due on April 15, 1999. The return was filed July 19, 1999. Petitioner does not dispute these dates. Rather he contends that, if no tax is due on the return as filed, he is not liable for any addition to tax if it is later determined that some tax was due. There is no language in section 6651(a)(1) that remotely supports petitioner's argument. Petitioner offered no evidence or other argument with respect to whether the failure to timely file was due to reasonable cause and not due to willful neglect.[4] We sustain respondent's determination.

_____

[4] Sec. 7491(c) provides that respondent has the "burden of production" for the addition to tax. That burden is satisfied when respondent shows that the return was not timely filed. It does not include establishing that there was not reasonable

(continued...)

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.

---

[4](...continued)
cause.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).